IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Allen Laws, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:16-cv-00749-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| Nancy A. Berryhill, Acting | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Mark A. Laws' ("Plaintiff") claim for disability insurance benefits ("DIB") pursuant to the Social Security Act ("the Act"). The record includes the report and recommendation ("Report") of the United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed timely objections to the Report, and the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within fourteen days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision.

## BACKGROUND

On July 15, 2013, Plaintiff filed for DIB and Supplemental Security Income ("SSI"), alleging a disability onset date of November 1, 2009. Both of Plaintiff's applications were

denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which occurred on July 17, 2015. After hearing Plaintiff's testimony and the testimony of a vocational expert ("VE"), the ALJ denied Plaintiff's application for DIB in a decision dated August 17, 2015.[1] Plaintiff requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied Plaintiff's request on January 4, 2016, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

Plaintiff was born on April 8, 1968, and was 41 years old as of his alleged onset date of disability, November 1, 2009. Plaintiff completed high school and has past relevant work experience as a director of training and development, a service manager, and a human resources manager. In his form Disability Report-Adult, Plaintiff indicated that he stopped working on November 1, 2009, to care for his ill mother. He also indicated that his conditions of Stage III colon cancer, HIV, diverticulitis, and high blood pressure limited his ability to work.[2]

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written

---

[1] In denying Plaintiff's DIB claim, the ALJ found that Plaintiff was not disabled as of December 31, 2012, the date he was last insured. However, the ALJ found that Plaintiff was disabled beginning on December 12, 2013, and granted Plaintiff's SSI claim. Plaintiff does not appeal the ALJ's grant of his SSI claim.

[2] The Court incorporates by specific reference the Magistrate Judge's thorough summary of the medical evidence of record.

objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  *Id.*

## II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

3

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. At step two, the ALJ found that since the alleged onset date of disability, November 1, 2009, Plaintiff had the following severe

4

impairments: HIV infection, diverticulitis, diverticulosis, and degenerative disc disease.  The ALJ also found that since the established onset date of disability, December 12, 2013, Plaintiff had the following severe impairments: HIV infection, diverticulitis, diverticulosis, and major depressive disorder.  Next, at step three, the ALJ determined that since the alleged onset date of disability, November 1, 2009, Plaintiff had not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  At step four, the ALJ determined that prior to December 12, 2013, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following exceptions: Plaintiff could frequently climb ramps or stairs, stoop, kneel, crouch, and crawl, but Plaintiff could not climb ladders, ropes, or scaffolds, balance for safety on dangerous surfaces, or work around hazards such as unprotected heights and dangerous machinery and parts.  The ALJ found that as of December 12, 2013, Plaintiff had the RFC to perform light work with the above-mentioned exceptions and the additional exceptions that Plaintiff is limited to understanding, remembering, and carrying out simple routines and repetitive tasks and that Plaintiff is unable to maintain persistence and pace on work tasks for at least two hours at a time due to pain.  Because the ALJ found that Plaintiff was capable of performing his past relevant work prior to December 12, 2013, the ALJ found that Plaintiff was not disabled prior to December 12, 2013.  However, the ALJ found that as of December 12, 2013, Plaintiff could not perform his past relevant work and that there were no jobs in significant numbers in the national economy that Plaintiff could perform.

Accordingly, the ALJ found that Plaintiff became disabled as of December 12, 2013.[3]

## II. The Parties' Briefs

On December 12, 2016, Plaintiff brought this action seeking judicial review of the Commissioner's final decision. In his brief, Plaintiff argues that: (1) substantial evidence does not support the ALJ's decision, and (2) the ALJ failed to perform the requisite function-by-function analysis when assessing Plaintiff's RFC. The Commissioner filed a brief in support of the Commissioner's final decision asserting that substantial evidence supports the ALJ's finding of non-disability.

## III. The Magistrate Judge's Report

In her Report, the Magistrate Judge rejected both of Plaintiff's conclusory arguments and recommended that this Court affirm the Commissioner's final decision. With respect to Plaintiff's first argument, the Magistrate Judge noted that Plaintiff's arguments indicate a challenge to the sufficiency of the ALJ's RFC analysis. After reviewing the ALJ's decision and the medical evidence of record, however, the Magistrate Judge determined that the ALJ "clearly described Plaintiff's symptoms and impairments, both as testified to by Plaintiff and as described in the medical records and discussed their impact on Plaintiff's daily activities and his occupational functioning." (ECF No. 20 at 20.) Accordingly, the Magistrate Judge rejected Plaintiff's first argument that the ALJ's decision was not supported by substantial evidence.

Likewise, with respect to Plaintiff's second argument, the Magistrate Judge also rejected Plaintiff's assertion that the ALJ failed to conduct a proper function-by-function

---

[3] As previously noted, Plaintiff does not appeal this portion of the ALJ's decision. Rather, Plaintiff appeals only the denial of his claim for DIB prior to December 12, 2013.

analysis in finding Plaintiff's RFC, noting that "Plaintiff does not identify specific limitations that the ALJ allegedly did not consider nor does Plaintiff expand on his statement that the analysis was not used." (*Id.* at 21.) The Magistrate Judge determined that Plaintiff's argument was without merit because the record indicates that the ALJ considered the relevant medical evidence–including Plaintiff's allegations, his treatment history and medication, the clinical findings, and the opinion evidence–and properly considered the extent to which Plaintiff's impairments limited his work-related functioning prior to his date last insured.

### III.  Plaintiff's Objections and the Court's Analysis

In his objections, Plaintiff simply recites the same arguments he raised in his briefs. Plaintiff again asserts that "[s]ubstantial evidence does not support the ALJ's rejection of the evidence regarding Mr. Laws' multiple impairments including diverticulitis flares and depression," and that "Mr. Laws' complaints to his medical providers during the time period prior to [ ] December 31, 2012 are consistent throughout the medical records." (ECF No. 26 at 3.)

After review, the Court finds that the Magistrate Judge appropriately rejected Plaintiff's conclusory arguments. The Magistrate Judge thoroughly outlined the ALJ's discussion of Plaintiff's diverticulitis and depression, and the Court ultimately agrees with the Magistrate Judge that the ALJ's RFC analysis complies with Social Security Ruling 96-8p, which requires an ALJ's RFC assessment to include a narrative discussion describing and citing the evidence that supports the ALJ's conclusions.

Importantly, nowhere in Plaintiff's objections does Plaintiff point to any legal or factual error in the Magistrate Judge's Report. After consideration, the Court finds

7

Plaintiff's repetitive and non-specific objections without merit, and the Court agrees with the Magistrate Judge that a review of the record–including the medical evidence and Plaintiff's allegations–indicates that substantial evidence supports the ALJ's finding of non-disability prior to December 31. 2012.

## **CONCLUSION**

Based on the foregoing reasons, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 20) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 26) are overruled; and the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

s/Bruce Howe Hendricks<br>United States District Judge

June 13, 2017
Charleston, South Carolina